IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JENNIFER L. L,

        Plaintiff,

    v.                                Civil Action No.
                                      5:18-CV-1341 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF

DOLSON LAW OFFICE               STEVEN R. DOLSON, ESQ.
126 North Salina Street
Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH          PRASHANT TAMASKAR, ESQ.
United States Attorney            Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g) are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on January 9, 2020, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: January 10, 2020
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JENNIFER L.,

                                        Plaintiff,

-v-                                     5:18-CV-1341

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
------------------------------------------------------------x
```

# TRANSCRIPT OF PROCEEDINGS
## BEFORE THE HONORABLE DAVID E. PEEBLES
January 9, 2020
100 South Clinton Street, Syracuse, New York


```
For the Plaintiff:
(Appearance by telephone)

    LAW OFFICES OF STEVEN R. DOLSON
    126 North Salina Street
    Suite 3B
    Syracuse, New York 13202
    BY:  STEVEN R. DOLSON, ESQ.

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    26 Federal Plaza
    Room 3904
    New York, New York 10278
    BY:  PRASHANT TAMASKAR, ESQ.
```

*Hannah F. Cavanaugh, RPR, CSR, NYACR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

             (In chambers.  Counsel present by telephone.  Time noted:  11:26 a.m.)

             THE COURT:  I have before me a request for judicial review of an adverse determination by the Commissioner of Social Security pursuant to 42, United States Code, Section 405(g).

             The background is as follows and is fairly straightforward:  Plaintiff was born in May of 1979 and is currently 40 years old.  She was 36 years of age at the time of the onset of her alleged disability on October 9, 2015.  She stands 5'7" in height and weighs 205 pounds.  Plaintiff is right-handed.  She graduated from high school and attended college for one-and-one-half years.  Plaintiff lives in a house in Cortland with her husband and two children.  They were, in 2017, 8 and 11 years old.  She also has one dog and two cats.

             Plaintiff's past work really consisted only of one position, which she held from November 1997 to October 2015 working in a Tops Supermarket as the floral department manager. She stopped working on October 9, 2015, when she experienced leg and feet problems and found difficulty in walking and standing on the concrete floor of the facility.  She returned briefly to work in April of 2016 for three days in the same job after being cleared for work by her physician, Dr. Janet Johnson.

             In terms of her physical condition, her primary physician was Dr. Janet Johnson.  She was also seen by Dr. Jody Stackman.  She was diagnosed with multiple sclerosis, or MS, and

was referred also to Dr. Megan Hyland at the University of Rochester. She was initially prescribed Copaxone, but was switched with good results to Gilenya on May 24, 2016. Her condition, according to her medical records, has been referred to as stable. She has undergone magnetic resonance imaging testing in September of 2015, July of 2017, with little or no change from September 2015, also, March of 2016. She had a CT scan on October 3, 2017, modest results.

In terms of daily activities, plaintiff cares for her children and pets, cooks daily, although her husband helps her on occasion. She does laundry, cleans, drives, shops, knits, makes candles, can take care of her personal hygiene, attends church, attends her children's sporting events and dance classes.

Procedurally, plaintiff applied for Title II benefits under the Social Security Act on December 6, 2015, alleging an onset date of October 9, 2015. A hearing was conducted to address plaintiff's application for benefits on November 13, 2017, by Administrative Law Judge Michael J. Kopicki. Judge Kopicki issued a decision on December 28, 2017, which was unfavorable to the plaintiff. That became a final determination of the agency on October 12, 2018, when the Social Security Administration denied plaintiff's application for review.

In his decision, ALJ Kopicki applied the familiar five-step test for determining disability. He initially noted

```
 1  that plaintiff is insured through March 30, 2021.  He found at
 2  step one that plaintiff had not engaged in substantial gainful
 3  activity since her alleged onset date, characterizing the
 4  April 2016 attempt as an unsuccessful work attempt.
 5           At step two, the Administrative Law Judge concluded
 6  that plaintiff suffers from MS, a severe impairment.
 7           At step three, he found that plaintiff's condition
 8  did not meet or medically equal any of the listed presumptively
 9  disabling conditions set forth in the Commissioner's
10  regulations.  Specifically considering listing 11.09, he found
11  that the requirements of that listing were not met.  After
12  surveying the record and available evidence, the Administrative
13  Law Judge concluded that plaintiff retains the residual
14  functional capacity to perform sedentary work, except that she
15  can occasionally lift and carry only ten pounds, frequently lift
16  and carry less than ten pounds, stand and/or walk with normal
17  breaks for two hours of an eight-hour workday, and sit with
18  typical breaks for six hours of an eight-hour workday.  He
19  further limited the plaintiff in that she should never climb
20  ladders, ropes, scaffolds, and no more than occasionally climb
21  ramps, stairs, stoop, crouch, crawl, kneel, and balance.  The
22  claimant further should avoid concentrated exposure to
23  unprotected heights and dangerous machinery.
24           At step four, ALJ Kopicki concluded that given this
25  RFC, plaintiff cannot perform her past relevant work as a floral
```

1  department manager.

2  At step five, with the benefit of testimony from a
3  vocational expert, the Administrative Law Judge concluded that
4  plaintiff is capable of performing work available in the
5  national economy, including as an election clerk, a call out
6  operator, and a surveillance system monitor, and therefore found
7  that she was not disabled at the relevant times.

8  As you know, my task is limited and the standard of
9  review that I apply is extremely deferential.  I must determine
10 whether the determination of the Commissioner is supported by
11 substantial evidence, defined as such evidence as a reasonable
12 mind would find adequate to support a finding of fact.  I note
13 that under *Brault v. Social Security Administration*
14 *Commissioner,* 683 F.3d 443, a decision from the Second Circuit
15 in 2012, it was noted that the standard means once an ALJ finds
16 facts, they can be rejected only if a reasonable factfinder
17 would have to conclude otherwise.

18 In this case, the issue really is one that typically
19 arises, the substitution of lay opinions for uncontradicted
20 medical opinions.  It is clear, and the Commissioner concedes,
21 that if the off task and absenteeism opinions of Dr. Johnson
22 from August 30, 2017, and the University of Rochester from
23 September 5, 2017, are accepted, plaintiff would be
24 unemployable.  Dr. Johnson concluded that plaintiff would be off
25 task 21 to 30 percent of the time, that's at page 341, and would

be absent about two times per month, that's at 343 of the Administrative Transcript. In the University of Rochester opinion, although we don't know who authored that opinion because the signature is illegible -- I think that's because doctors are taught to have poor handwriting when they go to medical school -- the opinion is that the plaintiff would be off task more than 30 percent of the time, that's at page 344, and absent more than four times per month, at 346. The vocational expert, of course, concluded at page 69 and 70 that if the plaintiff was off task 20 percent of the time, the jobs specified would be eliminated and the employer absence tolerance, according to the vocational expert, would be two-thirds of a day per month.

There's no question that at least Dr. Johnson's opinions are those of a treating physician, which are entitled to some deference, and if not deemed controlling, then there are a series of factors called the *Burgess* factors that the Administrative Law Judge must consider. That's also set forth in the regulations of the Commissioner, including at 20 C.F.R. Section 404.1527.

The Administrative Law Judge's opinion is somewhat scant when it comes to analyzing the *Burgess* factors. When it comes to Dr. Johnson's opinions, it was noted, however, that almost all of Dr. Johnson's opinions were adopted. The off task and absenteeism were not, although the residual functional

1  capacity did account in some small way for fatigue, limiting the
2  plaintiff to avoiding concentrated exposure to unprotected
3  heights and dangerous machinery.  But I think, as the Second
4  Circuit has said, although *Burgess* factors may not be
5  specifically and rotely discussed, I think that you can glean
6  from the Administrative Law Judge's decision the basis for his
7  rejection of those two opinions.  It's an area that has caused
8  some controversy and, quite honestly, some inconsistent results
9  from the courts.
10             There is a decision from one of my colleague judges,
11 Judge Daniel J. Stewart, that would suggest that the rejection
12 of the opinions concerning absenteeism and off task should not
13 be upheld if there is no contrary medical opinions.  That's from
14 *Sheri S. v. Berryhill*, 2019 WL 1429522.  It is from March 29,
15 2019, the Northern District of New York.  There are some
16 contrary cases, however, that have dealt with this particular
17 issue, including *Kenneth S. v. Commissioner of Social Security*,
18 2019 WL 1332317.  It is from the Northern District of New York,
19 March 25, 2019, from another one of my colleagues, Judge Dancks.
20 And there's a line of cases that cites the Second Circuit's
21 decision in *Smith v. Berryhill*, 2018 WL 3202766 from June 29,
22 2018.
23             The Administrative Law Judge rejected those opinions
24 as speculative.  They're check-the-box opinions, which
25 historically have carried less weight than opinions that are

fortified by explanations. In this case, there is no explanation given other than easy fatigability. There's no explanation given by Dr. Johnson, for example, as to why specifically plaintiff would be absent two times per month. All indications from the records are that the Gilenya has helped control the symptoms. I acknowledge that there is some indication of fatigue, which, again, was factored into the residual functional capacity finding.

The activities of daily living of the plaintiff are very robust and plaintiff's, quite frankly, testimony herself suggests that she can do sedentary work. I know that she expressed some reservation about whether she would be fatigued, but she didn't say she couldn't do it. And Dr. Johnson cleared her for employment in April of 2016 even before she transitioned to the Gilenya, which seems to have been effective in controlling her symptoms.

So I don't find any error. I think that the Administrative Law Judge can make a common sense judgment in a case of this nature where the impairment and its limitations are relatively simple and mild, under *Smith v. Berryhill*, also *Veino v. Barnhart,* 312 F.3d 578 from the Second Circuit, 2002, and *Snell v. Apfel*, 177 F.3d 128 from the Second Circuit, 1999. So I find that the Administrative Law Judge's RFC finding was supported by substantial evidence, including the plaintiff's testimony. The residual functional capacity resulted in a

```
 1   hypothetical that paralleled the RFC finding given to the
 2   vocational expert and the vocational expert's testimony
 3   satisfied the Commissioner's burden at step five, and the
 4   determination that plaintiff is able to work is supported by
 5   substantial evidence.  I note that -- I'm trying to read my
 6   notes, I'm sorry -- in April of 2016, I specifically noted at
 7   page 322 that Dr. Johnson indicated that plaintiff could return
 8   to work if she could sit every seven minutes.  And, obviously,
 9   sedentary work, plaintiff can do that.
10              So in any event, I'm going to grant judgment on the
11   pleadings to the defendant, affirm the Commissioner's
12   determination, and dismiss plaintiff's complaint.  I'll issue a
13   short form order attaching a transcript of this argument.
14              I want to thank you both for excellent presentations.
15   I enjoyed working with you and I hope you have a good day.
16              MR. TAMASKAR:  Thank you, Judge.
17              MR. DOLSON:  Thank you, your Honor.
18              (Time noted:  11:42 a.m.)
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CSR, NYACR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 9th day of January, 2020.

x *Hannah F. Cavanaugh*

HANNAH F. CAVANAUGH, RPR, CSR, NYACR

Official U.S. Court Reporter